# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MITCHELL MORROW, # B-76693, <br> and SEAN WILKINS, #R-21191, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> JOHN BALDWIN, <br> S.A. GODINEZ, <br> MICHAEL P. RANDLE, <br> ROBERT MUELLER, <br> SUSAN WALKER, <br> DEBBIE KNAUER, <br> and JOHN/JANE DOE, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 18-908-NJR <br> <br> Case No. 18-cv-471-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On February 22, 2018, Plaintiffs Morrow and Wilkins jointly filed this action. Both Plaintiffs are incarcerated at Centralia Correctional Center ("Centralia") and both signed the Complaint. (Doc. 1, p. 9). They allege that Defendants have been deliberately indifferent to the risks to Plaintiffs' health from consuming juice drinks containing benzene for many years while in prison. Benzene allegedly is a carcinogen and may cause other health problems.

Plaintiffs have jointly filed a motion to proceed *in forma pauperis* ("IFP") (Doc. 2), which each of them has signed. Prison trust fund statements for both Plaintiffs are included. Before the Court addresses this motion or the merits of the Complaint, however, it is necessary to deal with some preliminary matters related to the joint filing of this case by two individual Plaintiffs.

1

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. But the Court must admonish them as to the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit Court of Appeals addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually. In this action, because both Plaintiffs have signed the Complaint and all other documents to indicate that each of them intended to bring this action, each Plaintiff shall be assessed an individual filing fee,

whether or not he decides to continue with this joint action or sever his claims into an individual case.

The Seventh Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are six plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be six times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, the plaintiffs will be liable for another full filing fee for each new case. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The Seventh Circuit in *Owens v. Godinez*, 860 F.3d 434 (7th Cir. 2017), recently issued strong encouragement to district courts to enforce the directive of *George*. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out."

*Boriboune*, 391 F.3d at 856. Therefore, in keeping with this suggestion, the Court offers each Plaintiff an opportunity to sever his claim into a separate individual case before this action progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision. If he continues in this joint action:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[1]

In addition, if Plaintiffs desire to continue this litigation jointly, any proposed amended complaint, motion, or other document filed on behalf of both Plaintiffs must be signed by each Plaintiff. As long as Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

**WARNED** that future joint motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

**Disposition**

**IT IS HEREBY ORDERED** that each Plaintiff shall individually advise the Court in writing on or before **April 18, 2018,** whether he wishes to continue as a Plaintiff in this joint action, or whether he wishes to sever his individual claims into a separate case. If either Plaintiff chooses severance, the claims shall be severed into two individual cases.

Each Plaintiff shall be assessed an individual filing fee, regardless of whether the case proceeds jointly or in individual severed cases. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (filing fee is incurred when the action is filed). Plaintiffs' motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in separate orders for each individual Plaintiff.

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by Plaintiffs is required, to determine whether this action shall proceed jointly or in individual cases, before the Court will conduct its preliminary review of this matter under § 1915A. Plaintiffs shall also note that, even if they choose to proceed together in a joint action, the Court may determine through the § 1915A review that severance of their claims into individual actions is appropriate.

Finally, Plaintiffs are **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 28, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**