IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MITCHELL MORROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-908-SMY |
| | ) |
| JOHN BALDWIN, | ) |
| SALVIDOR A. GODINEZ, | ) |
| MICHAEL P. RANDLE, | ) |
| ROBERT MUELLER, | ) |
| GLADYSE C. TAYLOR, | ) |
| MATTHEW POGUE, and | ) |
| RICHARD MAUTINO,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mitchell Morrow, an inmate in the custody of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 claiming Defendants demonstrated deliberate indifference to his health and safety by serving juice drinks containing ingredients that could produce benzene as a byproduct. This matter is now before the Court on Defendants' Motion for Summary Judgment (Doc. 72), Plaintiff's request for additional discovery (Doc. 81), and Plaintiff's Motion to Strike exhibits filed by Defendants (Doc. 82). For the following reasons, Plaintiff's request for additional discovery is **DENIED**, Plaintiff's Motion to Strike is **DENIED**, and Defendants' Motion for Summary Judgment is **GRANTED**.

---

[1] The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the complete and correct spellings of Defendants' names.

**Plaintiff's Request for Additional Discovery**

Five months after the close of discovery and three months after Defendants filed their motion for summary judgment, Plaintiff filed an Affidavit requesting additional discovery. (Doc. 81). He contends that he needs to submit discovery to Defendants Randle and Mautino in order to dispute their Declarations filed in support of summary judgment, wherein they deny any knowledge of a potential issue with the ICI produce juice. (*See* 73-3, p. 1; 73-4, p. 2).

Federal Rule of Civil Procedure 56(d) permits a court to delay consideration of a motion for summary judgment and order additional discovery before ruling if the non-movant demonstrates that "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d). The non-movant must "state the reasons why [they] cannot adequately respond to the motion for summary judgment without further discovery." *Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706 (7th Cir.2006). Plaintiff has not provided reasons sufficient to justify re-opening discovery and delaying consideration of Defendants' motion for summary judgment. He does not explain what additional discovery could yield evidence to dispute Defendants' claims of lack of knowledge. His request is, therefore, denied.

**Motion to Strike**

Plaintiff requests that the Court strike several exhibits to Defendants' Motion. Defendants moved for summary judgment on September 16, 2019, the deadline for filing dispositive motions. (Doc. 72). Plaintiff seeks to have those exhibits stricken as untimely and to have Defendants' affidavits stricken because they bear electronic signatures. Additionally, Plaintiff argues that the Court should strike two pages of his deposition because he discusses his claims against Defendant Mautino on those pages, and Mautino did not enter an appearance in this case until after the deposition took place.

Plaintiff's arguments are unavailing. There is no prohibition against electronic signatures on affidavits, and the Court will not disregard deposition testimony solely because it mentioned a defendant who had yet to appear. Similarly, Plaintiff has not demonstrated prejudice related to the exhibits filed one day after the dispositive motion deadline. Therefore, his Motion to Strike is **DENIED**.

## Motion for Summary Judgment

### Background

At all times relevant to his Complaint, Plaintiff Mitchell Morrow was an inmate in the custody of the Illinois Department of Corrections ("IDOC") and was incarcerated at several different IDOC facilities. He alleges that juice drinks served to IDOC inmates contain ascorbic acid (Vitamin C) and sodium benzoate, which when combined, can produce benzene, a known carcinogen. Plaintiff was allowed to proceed on the following claims based on the Court's review of his Amended Complaint pursuant to 28 U.S.C. § 1915A (Docs. 51, 52):

> Count 1: Eighth Amendment claim against Matthew Pogue and Richard Mautino for deliberate indifference to the present and future health risks to Plaintiff from consuming juice drinks that are produced by Illinois Correction Industries ("ICI") and contain ingredient that may produce benzene;
>
> Count 2**:** Eighth Amendment claim against former IDOC Directors and Acting Directors John Baldwin, Salvador Godinez, Gladyse Taylor, and Michael Randle for deliberate indifference to the present and future health risks to Plaintiff from consuming ICI-produced juice drinks that contain ingredients that may produce benzene; and
>
> Count 3: Eighth Amendment claim against Defendant Robert Mueller (the warden at Centralia Correctional Center) for deliberate indifference to the present and future health risks to Plaintiff from consuming ICI-produced juice drinks that contain ingredients that may produce benzene.

Defendant Richard Mautino has been the Assistant CEO of ICI since December 2011 and

Defendant Matthew Pogue has been the Regional Food and Beverage Manager for the company since November 2017. Plaintiff claims that he was served and consumed ICI-produced 100% juice from 2008 through February 2017. ICI produced the juice served to IDOC inmates during that time with the exception of a 6-month period in 2016 during which IDOC contracted with Prairie Farms for juice purchases. IDOC did not serve 100% juice to inmates before 2008.

On January 15, 2008, AFSCME Council 31, the union for correctional officers, wrote to IDOC officials about the planned switch from juice drink to 100% juice:

> As you know, the reason IDOC has historically served juice drink instead of 100% juice is because of the hooch-making capabilities of 100% juice. At [a December 4, 2007] meeting you responded by telling the Union that the Department intended to incorporate the additive sodium benzoate into the 100% juice[,] which would have the chemical impact of precluding fermentation.
>
> The Union shared with you information from the Food and Drug Administration regarding the production of the byproduct benzene when combining ascorbic acid and sodium benzene [sic]. While the practice is not prohibited by the FDA, it is discouraged.
>
> The Union notified IDOC that we wished to take random samples from Correctional Industries, where the juice is processed, and send them to a laboratory at the Union's expenses to insure that the level of benzene present did not exceed Federal limits.

(Doc. 73-7, p. 1).

IDOC opted to test the ICI juice products and entrusted Prairie Analytical Systems to perform the tests. (Doc. 73-6, 73-7). No benzene was detected in any of the juice flavors except for the 100% grape juice which showed the presence of benzene in the amount of 3.10 parts per billion (ppb). (Doc. 73-6, p. 4). Even though the amount of benzene in the grape juice was below the EPA's threshold for potable drinking water of 5.00 ppb, IDOC decided to discontinue production of the grape juice and it was not served to inmates. (Doc. 73-7, p. 5).

Plaintiff claims that 100% grape juice is still served and points to the presence of grape

juice in a fruit juice blend served to inmates. (Doc. 80, p. 50-51). The fruit juice blend was tested in 2008 and no benzene was detected. (Doc. 73-6, p. 4). IDOC memoranda regarding milk and juice pricing do not include grape juice among the listed juices delivered by ICI at various times in 2014 and 2016. (*See* Doc. 80, p. 45-46, 49).

Generally, Plaintiff consumed one box of juice per day until July 2017, but he would drink five to ten juice boxes each day when he worked in the dietary units.[2] In 2017, another inmate brought a 1991 FDA article about benzene as a byproduct of ascorbic acid and sodium benzoate to his attention. He then stopped drinking the juice served to inmates. (Doc. 73-1, p. 14-15).

During his deposition, Plaintiff testified that he experienced occasional vomiting and dizziness after drinking the ICI-produced juice. He was diagnosed with high blood pressure in 2010 and acknowledges being told by healthcare staff that his dizziness could be caused by the condition. (Doc. 73-1, p. 19). He also experienced diarrhea but did not document how often. He sometimes had a rapid heartbeat, for which the medical staff would adjust his blood pressure medication. Plaintiff received medical treatment for anemia between 2010 and 2012 and again in early 2019. No medical professional has told Plaintiff that any of his symptoms were related to drinking the ICI-produced juice. (Doc. 73-1, p. 33).

## Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.,* 753 F.3d 676, 681-682 (7th Cir. 2014). When

---

[2] Before being transferred to Centralia Correctional Center, Plaintiff worked in the dietary unit at Lawrence and Menard Correctional Centers.

considering a motion seeking summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011).

The Eighth Amendment prohibition on cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)(citation omitted). To succeed on a claim related to conditions of confinement, a plaintiff must establish both an objective and subjective element. *See Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). To satisfy the objective element, an inmate must show that the conditions resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *See Rhodes*, 452 U.S. at 347. In other words, the Eighth Amendment "does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001).

Satisfaction of the subjective component of an unconstitutional conditions of confinement claim requires evidence sufficient to demonstrate that a defendant acted with deliberate indifference to a substantial risk of serious harm to the inmate. *See Farmer*, 511 U.S. at 837, 842. A plaintiff satisfies the deliberate indifference standard by showing that a prison official acted, or failed to act, despite the official's knowledge of a substantial risk of serious harm from the alleged unconstitutional conditions. *See Farmer*, 511 U.S. at 842; *Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986).

As specifically relevant to Plaintiff's claims, prison officials must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*,

803 F.3d 304, 312 (7th Cir. 2015) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). Plaintiff's claim that the offending grape juice is served to inmates is unsupportable based on the evidence in the record. First, the memoranda containing ICI's juice pricing submitted by Plaintiff do not show that IDOC purchased grape juice. Additionally, while Plaintiff alleges the presence of grape juice in the fruit juice blend that is served to inmates, a test conducted on the juice in 2008 did not reveal the presence of benzene. While evidence suggests that the combination of ascorbic acid and sodium benzoate can lead to the creation of benzene, absent evidence that benzene was actually present in the ICI juice products, Plaintiff's claims cannot survive summary judgment.

Plaintiff's contention that the storage of the juice was so unsafe as to lead to the creation of benzene as a byproduct also lacks evidentiary support in the record. There is no evidence that the juice was stored improperly, other than the non-experts opinions of Plaintiff and other IDOC inmates. Nor has Plaintiff produced any admissible evidence to support his claim of the creation of benzene from the storage of the juice.[3]

Even when inferences are drawn in Plaintiff's favor, there is no evidence from which a jury could reasonably conclude that that the juice provided to IDOC inmates presented a serious deprivation of a basic human need or that the juice was more dangerous than products provided to the public at large. Plaintiff's claim rests entirely on his personal beliefs without supporting evidence in the record. Without sufficient evidence of the objective component of Plaintiff's claim, it does not survive summary judgment. Given this conclusion, it is not necessary for the Court to address Defendants' argument that they are entitled to qualified immunity with respect to Plaintiff's claims.

---

[3] Plaintiff attached to his Response an article from liponaturals.com indicating that cans of soda that sat on store shelves awaiting purchase had more benzene than other cans of soda due to the warmth during storage, but the article is not substantive evidence that could support Plaintiff's claim.

### Conclusion

For the foregoing reasons, Plaintiff's request for additional discovery (Doc. 81) is **DENIED**, Plaintiff's Motion to Strike (Doc. 82) is **DENIED**, and Defendants' Motion for Summary Judgment (Doc. 72) is **GRANTED**.  Accordingly, the Clerk of Court is **DIRECTED** to enter **JUDGMENT** in favor of Defendants John Baldwin, Salvador Godinez, Robert Mueller, Matthew Pogue, Richard Mautino, Michael Randle, and Gladyse Taylor and against Plaintiff Mitchell Morrow, and to close this case.

**IT IS SO ORDERED.**

**DATED:  July 29, 2020**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**