IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MITCHELL MORROW,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 3:18-cv-00908-SMY |
| | ) |
| **JOHN BALDWIN, et al.,** | ) |
| | ) |
|       **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mitchell Morrow, an inmate in the custody of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 claiming Defendants demonstrated deliberate indifference to his health and safety by serving juice drinks containing ingredients that could produce benzene as a byproduct. The Court ultimately granted summary judgment in Defendants' favor. (Doc. 88). The case is now before the Court on Defendants' Bill of Costs (Doc. 90) to which Plaintiff objects (Doc. 95).[1]

Defendants seek reimbursement of $839.50 for costs incurred in the taking of Plaintiff's deposition. Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. FED.R.CIV.P. 54(d)(1). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). "Although Rule 54 does not specifically mention indigence, the rule speaks of the district court's discretion in general terms,

---

[1] Plaintiff asks the Court to deny the Bill of Costs or reduce the amount owed.

and certainly does not prohibit a district court from considering indigence when assigning costs to a losing party." *Id.*

To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Id.* at 635.  "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.*  "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*  Second, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Here, although Plaintiff was allowed to proceed *in forma pauperis* when this action was commenced, that determination was made in July 2017 based on information that is nearly four years old.  (Docs. 4, 5).  Plaintiff did not provide any documentation with his objection establishing indigency at this time or his future ability to pay costs.  Instead, he relies on his continued incarceration and the Defendants' ability to obtain information by written discovery as grounds to deny or reduce the costs.

As previously noted, under Rule 54(d)(1), there is a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome the presumption. *Rivera*, 469 F.3d at 636.  Plaintiff has not met that burden.  Accordingly, the Bill of Costs (Doc. 90) is **GRANTED**.

    IT IS SO ORDERED.

    DATED:  April 12, 2021                        *s/ Staci M. Yandle*
                                                      **STACI M. YANDLE**
                                                      **United States District Judge**